**GONZALEZ SAGGIO & HARLAN LLP**
155 Willowbrook Boulevard
Wayne, New Jersey 07470
(973) 256-9000
Attorney for Defendants Operations Management
International, Inc. d/b/a OMI (improperly
named as "CH2M Hill OM1"), Gary Fournier
and Thomas McAndrew
Attorney of Record: Steven Gerber

| | |
|---|---|
| JOSEPH ROSATO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CH2M HILL OM1, *a New Jersey corporation*, GARY FOURNIER, THOMAS McANDREW, AND JOHN and JANE DOES 1-10 (*fictitious persons yet known*),<br><br>　　　　　Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**Document Electronically Filed** |

PLEASE TAKE NOTICE that all the defendants Operations Management International, Inc., d/b/a OMI ("OMI") (improperly named in the Complaint as "CH2M HILL OM1"), a California corporation with its principal place of business at 9193 S. Jamaica Street, Englewood, Colorado 80112, Gary Fournier and Thomas McAndrew hereby jointly remove the above-captioned action from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey, based upon the following:

1.     On or about October 11, 2011, plaintiff Joseph Rosato commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, entitled *JOSEPH ROSATO v. CH2M HILL OMI, a New Jersey corporation, GARY FOURNIER, THOMAS McANDREW, AND JOHN and JANE DOES 1-10 (fictitious persons yet known)*, Docket No. HUD-L-5239-11.

2.     Defendant Operations Management International, Inc., d/b/a OMI ("OMI") (improperly named in the Complaint as "CH2M HILL OMI"), is a corporation organized under the laws of the State of California and has its principal place of business at 9193 S. Jamaica Street, Englewood, Colorado 80112.

3.     Defendant Gary Fournier ("Fournier") is a resident of the State of New Jersey.  Defendant Thomas McAndrew ("McAndrew") is a resident of the State of New Jersey.

4.     Pursuant to the New Jersey Court Rule 4:4-6, Ola Akache Nunez, Esq. of this law firm accepted service of the Summons, Complaint, Case Information Statement, and Track Assignment Notice on behalf of OMI, Fournier and McAndrew on November 3, 2011, which acceptance constituted service of process on the defendants.

5.     Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Complaint, Case Information Statement, Track Assignment Notice, which constitute the only process, pleadings or papers served upon defendants or their counsel in this action,

2

and the foregoing acceptance of service pursuant to New Jersey Court Rule 4:4-6, are collectively attached hereto as Exhibit A.

6.    Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of the defendants' first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

7.    This action, as pled in Count Six of the Complaint, which involves a claim to recover benefits under an employee welfare benefit plan and which count also seeks penalties for the alleged failure to provide "requisite and clear COBRA notice(s)". Thus, these claims are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), this Court has exclusive original jurisdiction over the claims related to the alleged failure to provide COBRA notice(s) which were brought pursuant to the provisions of 29 U.S.C. §§ 1132 (a)(1)(A) and 1132 (c).    Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), this Court has concurrent original jurisdiction over the claims to recover benefits and/or enforce rights which were brought pursuant to the provisions of 29 U.S.C. § 1132 (a)(1)(B).    Indeed,    ERISA controls actions brought to recover benefits and to enforce rights under employee welfare benefit plans.    29 U.S.C. § 1132 (e)(1); *Pilot Life Ins. Co. v. Deleaut*, 481 U.S. 41 (1987).

3

8.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the other claims alleged in the Complaint which are based on New Jersey law, in that they form part of the same case or controversy with the ERISA claims in count six.  The claims under ERISA, which have substance sufficient to confer federal question subject matter jurisdiction, and the state law-based claims in the Complaint brought under the New Jersey Law Against Discrimination and the New Jersey Conscientious Employee Protection Act, derive from a common nucleus of operative facts, which claims plaintiff would expect to try in one judicial proceeding.  *In re Prudential Ins. Co. Am. Sales Practices Litig.,* 148 F.3d 283, 302 (3d Cir. 1998) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)).

9.    Therefore, this action is removable pursuant to 28 U.S.C. § 1441.

10.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of Hudson County and is simultaneously being served upon plaintiff's counsel of record.

11.    In filing this Notice of Removal, defendants OMI, Fournier and McAndrew do not waive any defects in  venue or personal jurisdiction.

12.    For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

4

GONZALEZ SAGGIO & HARLAN LLP
Attorneys for Defendants, Operations
Management International, Inc., d/b/a OMI
(misnamed in the Complaint as "CH2M Hill
OM1") Gary Fournier, and Thomas
McAndrew


By:___ */s/ Steven Gerber*_____
       Steven Gerber

Dated:   November 4, 2011

## <u>LOCAL CIVIL RULE 11.2 VERIFICATION</u>

Other than the action filed in the Superior Court of New Jersey, Law Division, Hudson County, which is the subject of this Notice of Removal, the matter in controversy is not, to the best of defendants' knowledge, information and belief, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

*/s/ Steven Gerber*
Steven Gerber

Dated:  November 4, 2011

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via overnight Federal Express delivery, a true and correct copy of the foregoing Notice of Removal on:

> Jamison M. Mark, Esq.
> MARK & GALUSHA, LLC
> 403 King George Road, Suite 201
> Basking Ridge, New Jersey 07920
> Attorneys for Plaintiff

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Steven Gerber*
Steven Gerber

Dated: November 4, 2011

EXHIBIT "A"

**GONZALEZ SAGGIO & HARLAN LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorney for Defendants Operations Management*
*International, Inc. d/b/a OMI (improperly*
*named as "CH2M Hill OMI"), Gary Fournier*
*and Thomas McAndrew*
*Our File No: 2914.0003*
■ ……………………………………......■

JOSEPH ROSATO,

    Plaintiff,

v.

CH2M HILL OMI, *a New Jersey corporation*,
GARY FOURNIER, THOMAS McANDREW,
AND JOHN and JANE DOES 1-10 *(fictitious*
*persons yet known)*,

    Defendants.
■ ……………………………………......■

SUPERIOR COURT OF NEW JERSEY
HUDSON COUNTY: LAW DIVISION

DOCKET NO: HUD-L-5239-11

Civil Action

**ACKNOWLEDGMENT OF SERVICE**
**OF SUMMONS AND COMPLAINT**

TO: Clerk of the Court
   Attention: Civil Law Division
   Superior Court of New Jersey
   Hudson County Courthouse
   595 Newark Avenue
   Jersey City, NJ 07306

Dear Sir or Madam:

   In accordance with New Jersey Court Rule 4:4-6 and solely for the purposes of this

action, service of the Summons and a copy of the Complaint filed in the above-captioned action

is hereby accepted and acknowledged by and through Gonzalez Saggio & Harlan LLP, the

undersigned attorneys for defendants, on behalf of defendant OPERATIONS MANAGEMENT

INTERNATIONAL, INC., d/b/a OMI (misnamed in the Complaint as "CH2M Hill OMI") and

on behalf of individual defendants GARY FOURNIER and THOMAS McANDREW.

GONZALEZ SAGGIO & HARLAN LLP,
Attorneys for Defendants, Operations Management
International, Inc., d/b/a OMI (misnamed in the
complaint as "CH2M Hill OMI"), Gary Fournier,
and Thomas McAndrew

By: _____
Ola Akache Nunez
*An Attorney at Law of the State of New Jersey*

Dated: November 3, 2011

2

**MARK & GALUSHA, LLC**
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 626 -1001
(908) 626 -1003 - Facsimile
Attorney for Plaintiff, Joseph Rosato

| | |
|---|---|
| JOSEPH ROSATO,<br><br>     Plaintiff,<br><br>v.<br><br>CH2M HILL OM1, *a New Jersey corporation*, GARY FOURNIER, THOMAS McANDREW, and JOHN and JANE DOES 1-10 *(fictitious persons yet known)*,<br>     Defendants. | **SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY: LAW DIVISION**<br><br>DOCKET NO. HUD-L-5239-11<br><br>Civil Action<br><br>**SUMMONS TO GARY FOURNIER** |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:**

**GARY FOURNIER**

 The Plaintiff, Joseph Rosato, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in Somerset County within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hudson County, 583 Newark Avenue, Jersey City, New Jersey 07306. A filing fee payable to the Clerk of the Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to

Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

An individual who is unable to obtain an attorney may communicate with the New Jersey State Bar Association by calling toll free 800-792-8315 (within New Jersey). You may also communicate with the Hudson County Bar Association Lawyer Referral Service or if you cannot afford to pay an attorney, you may communicate with the Hudson County Legal Services Corp.

From The State of New Jersey To The Defendant(s) Named Above:

Dated: October 27, 2011

/s/ Jennifer Perez
Jennifer Perez
Clerk of the Superior Court

Name of Defendant and Address:    **GARY FOURNIER**
Where to Serve:    1600 Adams Street
Hoboken, New Jersey 07030

**MARK & GALUSHA, LLC**
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 626 -1001
(908) 626 -1003 - Facsimile
Attorney for Plaintiff, Joseph Rosato

| | |
|---|---|
| JOSEPH ROSATO,<br><br>                           Plaintiff,<br><br>v.<br><br>CH2M HILL OM1, *a New Jersey corporation*,   GARY FOURNIER, THOMAS McANDREW, and JOHN and JANE DOES 1-10 *(fictitious persons yet known)*,<br>                           Defendants. | **SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY: LAW DIVISION**<br><br>DOCKET NO. HUD-L-5239-11<br><br>Civil Action<br><br>**SUMMONS TO CH2M HILL OM1** |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:**

**CH2M HILL OM1**

The Plaintiff, Joseph Rosato, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in Somerset County within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hudson County, 583 Newark Avenue, Jersey City, New Jersey 07306. A filing fee payable to the Clerk of the Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to

*MARK & GALUSHA, LLC*
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 626 -1001
(908) 626 -1003 - Facsimile
Attorney for Plaintiff, Joseph Rosato

| | |
|---|---|
| JOSEPH ROSATO,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CH2M HILL OM1, *a New Jersey corporation*,　GARY FOURNIER, THOMAS McANDREW, and JOHN and JANE DOES 1-10 *(fictitious persons yet known)*,<br>　　　　　　　　Defendants. | **SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY: LAW DIVISION**<br><br>DOCKET NO. HUD-L-5239-11<br><br>Civil Action<br><br>**SUMMONS TO THOMAS MCANDREW** |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:**

**THOMAS MCANDREW**

The Plaintiff, Joseph Rosato, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in Somerset County within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hudson County, 583 Newark Avenue, Jersey City, New Jersey 07306. A filing fee payable to the Clerk of the Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to

RECEIVED OCT 1 7 2011

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐ CK ☐ CG ☐ CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Jamison M. Mark, Esq. | (908) 626-1001 | Hudson |

FIRM NAME (if applicable)
MARK & GALUSHA, LLC

DOCKET NUMBER (when available)
L - 5239-11

OFFICE ADDRESS
403 King George Road, Suite 201
Basking Ridge, NJ 07920

DOCUMENT TYPE
Complaint

JURY DEMAND  ■ YES  ☐ No

NAME OF PARTY (e.g., John Doe, Plaintiff)
Joseph Rosato, Plaintiff

CAPTION
Joseph Rosato, Plaintiff v. CH2M Hill OM1; Gary Fournier; Thomas McAndrew, John & Jane Does 1-10, Defendants.

CASE TYPE NUMBER (See reverse side for listing)
618

IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ Yes  ■ No

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES
(arising out of same transaction or occurrence)?
☐ Yes  ■ No

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)
☐ NONE
☐ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?
■ YES  ☐ NO

IF YES, IS THAT RELATIONSHIP:
■ EMPLOYER/EMPLOYEE
☐ FAMILIAL
☐ FRIEND/NEIGHBOR
☐ BUSINESS
☐ OTHER (explain)

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ■ YES  ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?
☐ YES  ■ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?
☐ YES  ■ No

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for Initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | |
|---|---|
| 280   ZELNORM | 290   POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285   STRYKER TRIDENT HIP IMPLANTS | 291   PELVIC MESH/GYNECARE |
| 286   PRUDENTIAL TORT LITIGATION | 292   PELVIC MESH/BARD |
| 289   REGLAN | 293   DEPUY ASR HIP IMPLANT LITIGATION |

**Mass Tort (Track IV)**

| | |
|---|---|
| 248   CIBA GEIGY | 281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266   HORMONE REPLACEMENT THERAPY (HRT) | 282   FOSAMAX |
| 271   ACCUTANE/ISOTRETINOIN | 284   NUVARING |
| 274   RISPERDAL/SEROQUEL/ZYPREXA | 286   LEVAQUIN |
| 278   ZOMETA/AREDIA | 287   YAZ/YASMIN/OCELLA |
| 279   GADOLINIUM | 601   ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

**MARK & GALUSHA, LLC**
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 626 -1001
(908) 626 -1003 – Facsimile
Attorney for Plaintiff, Joseph Rosato

FILED
CUSTOMER SERVICE TEAM

OCT 11 2011

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #4

JOSEPH ROSATO,

Plaintiff,

v.

CH2M HILL OM1, *a New Jersey corporation*, GARY FOURNIER, THOMAS McANDREW, AND JOHN and JANE DOES 1-10 *(fictitious persons yet known)*,

Defendants.

SUPERIOR COURT OF NEW JERSEY
HUDSON COUNTY: LAW DIVISION

DOCKET No. HUD-L-5239-11

Civil Action

COMPLAINT and JURY DEMAND

Joseph Rosato, by and through his attorneys Mark & GALUSHA, LLC does by way of Complaint against Defendants, do hereby state:

## PARTIES

1.    Joseph Rosato is a resident of West New York, State of New Jersey, and was at all times an employee of CH2M Hill OM1 at the Hoboken location.

2.    CH2M Hill OM1 and its members (hereinafter "CH2M"), have a principal place of business within New Jersey located in Parsippany, and an operating location in Hoboken, is a corporation or company organized under the

laws of the State of New Jersey, and was Mr. Rosato's employer at all times relevant.

3.    Gary Fournier, in his personal and official capacity, was at all times relevant a Director for the company, considered upper-management, and was Mr. Rosato's supervisor.

4.    Thomas McAndrew in his personal and official capacity, was at all times relevant a Supervisor, considered upper-management, and was Mr. Rosato's supervisor.

5.    John Does are individual persons who are unknown but had the authority, control and/or engaged in conduct to retaliate and discriminate directly or indirectly, against Mr. Rosato due to his whistleblowing and/or due to his Race.

## VENUE

6.    Venue properly lies in Hudson County, Superior Court Law Division pursuant to R. 4:3-2(a), because the Plaintiff is a resident, was employed, and the cause of action all arose in Hudson County.

## FACTS

1.    Joseph Rosato worked at CH2M Hill as an operator One at the Hoboken CM2H plant during the night shift for almost 14 years.

2.    In May 2010 a sludge spill occurred at the plant, and pursuant to CH2M protocol Mr. Rosato cleaned the spill, wrote it up, called his supervisor Tom McAndrew, and entered the information into a log book.

3.    In fact, on the date of the spill, Mr. Rosato as well as two other supervisors, Anatoly Ryvkin, Adan Sarday and Paul Juarez assisted in the cleanup.

4.    Mr. Rosato wrote in the log book of the spill, as did Mr. Ryvkin and/or Mr. Sarday.

5.    After the spill was cleaned, Mr. Rosato as well as Mr. Ryvkin and Mr. Sarday called Mr. McAndrew and explained what happened with the spill.

6.    All protocol was followed, and the spill was cleaned up within an hour.

7.    In fact, the events of the spill were discussed at an operations meeting a few days later.

8.    It is uncontroverted that Mr. Rosato followed protocol and called Mr. McAndrew, as was witnessed by Mr. Juarez and Mr. Ryvkin.

9.    In October 2010, when Mr. Rosato returned from vacation, he was immediately approached by his supervisor, Tom McAndrew who advised that he was speak with Mr. Fournier.

10. Mr. Fournier requested Mr. Rosato to place in writing his recollection of the May 2010 spill. Mr. Rosato complied.

11. Simultaneously, Mr. Fournier also requested the same from Paul Juarez. Mr. Juarez also complied.

12. In October 2010 it came to light that it was Mr. Fournier and/or Mr. McAndrew who failed to follow protocol and did not properly record the spill, as was required by a supervisor.

13. Instead, Mr. Fournier fabricated information placed in the log book to cover up his violation, and instead placed blame on Mr. Rosato.

14. In fact, Mr. Fournier had ordered the evening security guard, Demetrius, to investigate the log book.

15. Demetrius called Mr. Rosato and told Mr. Rosato: "Gary wants to know if anything unusual happened and to look at the log book for May 15, 2010, and see what happened."

16. Demetrius also told Mr. Rosato initially when he reviewed the log book, it was written: "everything ok, plant secure," however, days later, when Demetrius looked at the log book again, and it stated "There is some type of leaking into the back building into the street."

17. When Mr. Rosato confronted Mr. Raul about the new entry, Mr. Raul stated: "They told me to write it in there."

18. Two weeks later, Fournier called Mr. Rosato into his office.

19. During the meeting between Tom McAndrew, Gary Fournier, Steve Huddock (safety coordinator), the write up letter from CH2M Hill was read, at which time it became very apparent that Mr. Rosato's complaints escalated to upper management.

20. During the meeting, Mr. Rosato tried to explain that his version of the May 2010 spill, what he had written, that his version was accurate and Mr. Fourner's was not, and he explained that he had followed protocol.

21. Mr. Fournier abruptly interrupted and placed all blame on Mr. Rosato, stating: "I don't want to hear anything. Nothing you say will change my mind."

22. It was at this time that CH2M elected to then write up Mr. Rosato and ultimately terminate him due to his report, disclosure, and objection to the faulty safety systems.

23. Approximately two weeks after the meeting, on October 8, 2010 Mr. Rosato was terminated.

24. No employee has ever been terminated, let alone suspended, for a handling a spill such as this.

25. It was only once Mr. Rosato made his complaint known, then placed it in writing, to which accountability on behalf of the supervisor defendants, as well as others, only then was Mr. Rosato singled out for termination.

26. Mr. Rosato clearly expressed to his supervisors his objection to the treatment of him relating to investigation, the safety measures, or lack thereof, and the way in which Mr. McAndrew failed to follow protocol relating to the spill.

27. It was well known that there were constant problems with the containers and safety systems at the company, which were reported to OSHA (DEP), who conducted an investigation in October 2010.

28. In or about September or October 2010, three Hispanic employees, brought forward racial harassment allegations against Fournier.

29. Alternatively, it was well know that Fournier was looking to transfer blame onto other employees, and did so by terminating Mr. Rosato, a Caucasian employee, on October 8, 2010.

30. It is believed that the impetus of the racial complaints against Fournier, in part, were due to a September 2010 similar spill which occurred at the plant.

31. As a result of the September spill, a worker named Angel wrote up the spill. Angel, however, was written up for the manner in which he handled the spill.

32. On October 1, 2010 Gary Fournier, Director, spoke with Angel, who complained that he was being singled out and discriminated against for the discipline, and should not have been the only employee to receive a DML, as there was a "bigger" spill wherein Mr. Rosato was involved and he, a non-minority, didn't get written up.

33. Mr. Rosato was terminated on October 8, 2010, and in lieu of receiving his COBRA notice for continued self-paid benefits, Mr. Rosato's benefits were terminated mid-month, denying Mr. Rosato and his family continued health care when it was needed.

34. CH2M's actions are clear violations of NJSA 34:19-1, et seq., the *N.J.S.A.* *10:15-1* ("LAD") and E.R.I.S.A laws covering C.O.B.R.A. information.

35. It is clear that because Mr. Rosato blew the whistle on the company's faulty tanks and safety system, reported a spill to his supervisor, and notified the

company of his supervisor's failure to internally handle the environmental spill, Mr. Rosato was terminated.

36. Conversely, it is clear that due to Mr. Rosato being Caucasian and the company's illegal discrimination of minority employees, to cover up the company's illegal retaliation against minority employees, the company used Mr. Rosato as an example, terminating his employment.

## CAUSES OF ACTION

### COUNT ONE

*(Wrongful Discharge in violation of public policy –*
*Pierce v. Ortho Claim)*

1. Defendants' discharge of Plaintiff violated the clear mandate of public policy of terminating an employee for reporting illegal conduct.

2. Plaintiff complained and challenged the illegal conduct directly to his supervisor.

3. The illegal conduct, as outlined above, was a clear violation of public mandate, i.e., safety systems and spills effecting out environment and issues of safety, as well as the supervisors' actions being in violation of company policy, as well as the employer supervisors cover up, Mr. Rosato was terminated.

4.    As a result of Plaintiff's complaints, disclosure and objections, he became the target of retaliation and was terminated.

5.    The above described actions of Defendant constitute a wrongful discharge of his employment with the company.

## COUNT TWO

*(Conscientious Employee Protection Act,*
*N.J.S.A. 39:19-1, et al)*

1.    Plaintiff repeats and reasserts all allegations above as if fully set forth at length herein.

2.    Defendants terminated Plaintiff in violation of the Conscientious Employee Protection Act, N.J.S.A. 39:19-1, et al.

3.    Plaintiff complained, disclosed, and objected to the illegal actions committed by Plaintiff's supervisors, (i.e., safety and environment).

4.    Plaintiff complained disclosed, and objected the unlawful conduct to his supervisors, as well as OSHA.

5.    Due to his complaints disclosures, and objections Plaintiff was terminated.

6.    The conducted complained of would not have occurred by for Plaintiff's complaints, disclosures and objections to Defendants' illegal activity.

7.    Plaintiff reasonable believed that Defendants engaged in behavior that violates the Conscientious Employee Protection Act, N.J.S.A. 39:19-1, et seq, and have thereby irreparably injured Plaintiff.

### COUNT THREE

*(New Jersey Law Against Discrimination,*
*N.J.S.A. 10:15-1 et seq. - REVERSE DISCRIMINATION)*

1.    Plaintiff repeats and reasserts all allegations above as if fully set forth at length herein.

2.    Plaintiff is Caucasian.

3.    During Plaintiff's employment, non-Caucasian employees were disciplined.

4.    The non-Caucasian employees who were disciplined complained that "non-minority" employees whose conduct equaled theirs were not disciplined.

5.    As a result, Defendants used Plaintiff, a Caucasian as an example and terminated his employment.

6.    Plaintiff was terminated due to being a Caucasian employee.

7.    Defendants' actions were a direct violation of the law, as identified above.

## COUNT FOUR

*New Jersey Law Against Discrimination,*
*N.J.S.A. 10:15-1 et seq.* - DISPARATE TREATMENT)

1.   Plaintiff repeats and reasserts all allegations above as if fully set forth at length herein.

2.   Defendants were aware of Plaintiff's race, and terminated him as a result.

3.   In lieu of providing Plaintiff with the same benefit of employment provided to non-Caucasian employees, Plaintiff was terminated from his position.

4.   Defendants' actions were a direct violation of the law, as identified above.

## COUNT FIVE

*(Aiding and Abetting)*

1.   Plaintiff repeats and reasserts all allegations above as if fully set forth at length herein.

2.   Defendants wrongfully aided and abetted Defendants co-employees' unlawful, discriminatory treatment of Plaintiff, in violation of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq. and all for all causes of action and actions herein.

3.   Defendant co-employees conduct had the tacit approval of Defendants' upper-Management.

4.    Because of the collective acts of each Defendant, and due to their plan, scheme and motives to terminate and treat Plaintiff in an unlawfully discriminatory manner, Defendant Management wrongfully aided and abetted co-employees.

5.    As a result of all Defendants unlawful conduct, Plaintiff suffered emotional distress, anxiety, and depression, humiliation and embarrassment.

## COUNT SIX

*(COBRA Amendments to Employee Retirement Income Security Act (ERISA))*

1.    Plaintiff repeats and reasserts all allegations above as if fully set forth at length herein.

2.    Pursuant to the ERISA Statute §606, Plaintiff was a qualified beneficiary and, pursuant to the Act, was required to be given COBRA notice following a qualifying event, specifically the termination of his employment with CH2M. See §606(a)(1) of ERISA.

3.    The employer's notice of qualifying event must include sufficient information to enable both the employee and Administrator to determine the plan, the covered employee, the qualifying event and the date of the qualifying event, as set forth in 29 C.F.R. §2590.606, et seq.

4.    The   notice   of   the   right   to   elect   COBRA
continuation  coverage  must  be  written  in  a  manner
calculated  to  be  understood  by  the  average  plan
participant, and must contain the information set forth in
29 C.F.R. §2590.606, et seq.

5.    ERISA  requires  an  employer  to  provide  60  days
following  a  qualifying  event  for  a  participant  and  each
qualified  beneficiary  to  elect  continuation  health  coverage
and  an  additional  45  days  for  payment  of  initial  premiums
due.

6.    Defendants  acted  in  reckless  disregard  of  the
law,  by  failing  to  provide  COBRA  notices  to  Plaintiff
within 30 days of the Qualifying Event of October 8, 2010,
by  failing  to  advise  that  he  had  60  days  to  elect
continuation medical benefits and 45 days to make payment.

7.    Plaintiff  did  not  receive  a  COBRA  notice  to
extend coverage until after December 8, 2010.

8.    Approximately  three  to  five  days  after  being
terminated,  Mr.  Rosato's  wife  took  the  children  to  see
their  family  dentist  and  their  pediatrician,  both  of  whom
advised  that  the  Rosato's  family  health  insurance  had  been
cancelled.

9. Additionally, Ms. Rosato had scheduled a mammogram, to which she was told that she no longer had health coverage.

10. Upon Defendants' failure to provide requisite and clear COBRA notice(s), the Court may find the administrator-employer liable to the participant for up to $110.00 per day from the date of failure until the date of correction. See 29 U.C. § 1132 (c)(1).

11. Plaintiff suffered prejudice as a result of Defendants' failure to provide the requisite and clear COBRA notice(s).

12. As a result of Defendants violation of the law, Plaintiff's and his family went without health coverage/insurance, when Plaintiff should have been afforded the option of continued health coverage through notice no later than December 8, 2010. Plaintiff incurred substantial health care expenses beginning in October 2010.

13. Plaintiff's health care expenses were not reimbursed by Defendant or its health insurance provider after October 2010.

14. Plaintiff seeks reimbursement of the incorrect charge to him for health coverage starting in October 2010 as due under the terms of the Medical Benefits Plan provided by Defendant. See 29 U.C. § 1132 (a)(1)(b).

15.   Should Plaintiff's health care expenses beginning in October 2010 be found not to be due under the terms of said provided medical benefits plan, Plaintiff seeks reimbursement of said health care expenses and other equitable relief under 29 U.C. § 1132 (a)(3).

RESPECTFULLY SUBMITTED,

MARK & GALUSHA, LLC
Attorney for Plaintiff, Joseph Rosato

_____
JAMISON M. MARK, ESQ.

Dated:   10-10-11

## DESIGNATION OF TRIAL COUNSEL

Trial Counsel is hereby designated as Jamison M. Mark, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to R. 4:35-1 et seq., trial by jury of all issues triable by jury

MARK & GALUSHA, LLC
Attorney for Plaintiff, Joseph Rosato

_____
JAMISON M. MARK, ESQ.

Dated:  10-10-11

## DEMAND FOR INSURANCE INFORMATION

Pursuant to New Jersey Court Rule 4:10-2(b), Demand is made that Defendant disclose to Defendant attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Defendant' attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets.  This demand shall

include and cover not only primary coverage but also any
and all EPLI, excess, homeowners, and umbrella policies.

                              MARK & GALUSHA, LLC
               Attorney for Plaintiff, Joseph Rosato


               _____
                              JAMISON M. MARK, ESQ.

Dated:  10-10-11

## CERTIFICATION PURSUANT TO R. 4:5-1.

Plaintiff hereby certify that the matter in controversy is not the subject of any other action pending in any other court or pending arbitration proceeding. Plaintiff further certifies that Plaintiff has no knowledge of any contemplated action or pending arbitration proceeding regarding the subject matter of this action, and Plaintiff is not aware of any other parties who should be joined to this matter

MARK & GALUSHA, LLC
Attorney for Plaintiff, Joseph Rosato

JAMISON M. MARK, ESQ.

Dated:  10-10-11

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Joseph Rosato

**DEFENDANTS**

Operations Management International, Inc. d/b/a OMI (i/p/a "CH2M HILL OM1"), Gary Fournier and Thomas McAndrew

(b) County of Residence of First Listed Plaintiff **Hudson**

County of Residence of First Listed Defendant

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Jamison M. Mark, Esq., Mark & Galusha, LLC
403 King George Road, Suite 201
Basking Ridge, NJ 07920
T: (908) 626-1001

Attorneys (If Known)

Steven Gerber, Esq., Gonzalez Saggio & Harlan LLP
155 Willowbrook Blvd., Suite 300, Wayne, NJ 07470

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

◻ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

◻ 2  U.S. Government Defendant

◻ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated or Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated and Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 610 Agriculture | ◻ 422 Appeal 28 USC 158 | ◻ 400 State Reapportionment |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 362 Personal Injury - | ◻ 620 Other Food & Drug | ◻ 423 Withdrawal | ◻ 410 Antitrust |
| ◻ 130 Miller Act | ◻ 315 Airplane Product | Med. Malpractice | ◻ 625 Drug Related Seizure | 28 USC 157 | ◻ 430 Banks and Banking |
| ◻ 140 Negotiable Instrument | Liability | ◻ 365 Personal Injury - | of Property 21 USC 881 | | ◻ 450 Commerce |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel & | Product Liability | ◻ 630 Liquor Laws | **PROPERTY RIGHTS** | ◻ 460 Deportation |
| & Enforcement of Judgment | Slander | ◻ 368 Asbestos Personal | ◻ 640 R.R. & Truck | ◻ 820 Copyrights | ◻ 470 Racketeer Influenced and |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' | Injury Product | ◻ 650 Airline Regs. | ◻ 830 Patent | Corrupt Organizations |
| ◻ 152 Recovery of Defaulted | Liability | Liability | ◻ 660 Occupational | ◻ 840 Trademark | ◻ 480 Consumer Credit |
| Student Loans | ◻ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ◻ 490 Cable/Sat TV |
| (Excl. Veterans) | ◻ 345 Marine Product | ◻ 370 Other Fraud | ◻ 690 Other | | ◻ 810 Selective Service |
| ◻ 153 Recovery of Overpayment | Liability | ◻ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ◻ 850 Securities/Commodities/ |
| of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 380 Other Personal | ◻ 710 Fair Labor Standards | ◻ 861 HIA (1395ff) | Exchange |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle | Property Damage | Act | ◻ 862 Black Lung (923) | ◻ 875 Customer Challenge |
| ◻ 190 Other Contract | Product Liability | ◻ 385 Property Damage | ◻ 720 Labor/Mgmt. Relations | ◻ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ◻ 195 Contract Product Liability | ◻ 360 Other Personal | Product Liability | ◻ 730 Labor/Mgmt.Reporting | ◻ 864 SSID Title XVI | ◻ 890 Other Statutory Actions |
| ◻ 196 Franchise | Injury | | & Disclosure Act | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ◻ 892 Economic Stabilization Act |
| ◻ 210 Land Condemnation | ◻ 441 Voting | ◻ 510 Motions to Vacate | ◻ 790 Other Labor Litigation | ◻ 870 Taxes (U.S. Plaintiff | ◻ 893 Environmental Matters |
| ◻ 220 Foreclosure | ◻ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ◻ 894 Energy Allocation Act |
| ◻ 230 Rent Lease & Ejectment | ◻ 443 Housing/ | **Habeas Corpus:** | Security Act | ◻ 871 IRS—Third Party | ◻ 895 Freedom of Information |
| ◻ 240 Torts to Land | Accommodations | ◻ 530 General | | 26 USC 7609 | Act |
| ◻ 245 Tort Product Liability | ◻ 444 Welfare | ◻ 535 Death Penalty | **IMMIGRATION** | | ◻ 900Appeal of Fee Determination |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities - | ◻ 540 Mandamus & Other | ◻ 462 Naturalization Application | | Under Equal Access |
| | Employment | ◻ 550 Civil Rights | ◻ 463 Habeas Corpus - | | to Justice |
| | ◻ 446 Amer. w/Disabilities - | ◻ 555 Prison Condition | Alien Detainee | | ◻ 950 Constitutionality of |
| | Other | | ◻ 465 Other Immigration | | State Statutes |
| | ◻ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

◻ 1 Original Proceeding
☒ 2 Removed from State Court
◻ 3 Remanded from Appellate Court
◻ 4 Reinstated or Reopened
◻ 5 Transferred from another district (specify)
◻ 6 Multidistrict Litigation
◻ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 100 et seq.

Brief description of cause:
Claims under ERISA and supplemental jurisdiction claims under NJ LAD & NJ CEPA

## VII. REQUESTED IN COMPLAINT:

◻ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ◻ No

## VIII. RELATED CASE(S)

(See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE 11/4/11

SIGNATURE OF ATTORNEY OF RECORD